1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   RONALD BRATTON,                    )    No. C 09-0550 JSW (PR)
                                        )
10                  Petitioner,         )
                                        )    **ORDER TO SHOW CAUSE**
11       vs.                            )
                                        )    (Docket Nos. 3, 4, 6, 7)
12   B. CURRY, Warden,                  )
                                        )
13                  Respondent.         )
                                        )
14   _____   )

15

16                            **INTRODUCTION**

17          Petitioner, a prisoner of the State of California, currently incarcerated at the

18   Correctional Training Facility in Soledad, California, has filed a habeas corpus petition

19   pursuant to 28 U.S.C. § 2254 challenging the decision by the California Board of Parole

20   Hearings ("Board") to deny Petitioner parole.  Petitioner has filed several motions to

21   proceed *in forma pauperis* which are now GRANTED (docket nos. 3, 6, 7).  This order

22   directs Respondent to show cause why the petition should not be granted.

23                            **BACKGROUND**

24          According to the petition, Petitioner was convicted in Los Angeles County

25   Superior Court, and, was sentenced him to a term of 19 years-to-life in state prison on

26   December 19, 1994.  In 2006, the Board found Petitioner unsuitable for parole.

27   Petitioner challenged this decision unsuccessfully in a habeas petition filed in the

28   superior court.  Petitioner contends that he also challenged the Board's decision in the

California Supreme court by petitions for a writ of habeas corpus, which was denied on November 12, 2008. Petitioner filed the instant petition on February 6, 2009.

**DISCUSSION**

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

Petitioner alleges that the Board's decision violated his right to due process because the decision was not supported by some evidence and other claims. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369; *see, e.g., Superintendent v. Hill*, 472 U.S. 445 (1985); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

III     Motion for Counsel

Petitioner requests that counsel be appointed because he has limited access to the library, limited knowledge of the law, and the issues involved are complex (docket no. 4). However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.

1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728.

Here, no evidentiary hearing appears necessary at this time. The Court concludes that the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel (docket no. 4) is DENIED without prejudice.

### CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   May 14, 2009

_____
JEFFREY S. WHITE
United States District Judge

4

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6
RONALD BRATTON,

Case Number: CV09-00550 JSW

7
                    Plaintiff,

**CERTIFICATE OF SERVICE**

8
      v.

9
B. CURRYet al,

10
                    Defendant.

_____/

11

12
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13

14
That on May 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17
Ronald Bratton
P.O. Box 705
J45341
Soledad, CA 93960-0705

18

19

Dated: May 14, 2009

20

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28